# EXHIBIT A

APPLICANT IS AUTHORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND UNDER THE RULES OF CIVIL PROCEDURE OF THE STATE OF:  Georgia

# REQUEST

# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

## *DEMANDE*
## *AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
## *D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the Service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| **Rachel M Block**<br>**APS INTERNATIONAL, LTD**<br>**APS International Plaza**<br>**7800 Glenroy Road**<br>**Minneapolis, Minnesota  55439-3122**<br>**U.S.A.**<br>**Tel. 952.831.7776     Fax: 952.831.8150**<br>**Email: BlockR@CivilActionGroup.com** | **MINISTRY OF THE ATTORNEY GENERAL**<br>**Ontario Court of Justice**<br>**Courthouse, 393 Main Street**<br>**Haileybury, Ontario**<br>**P0J 1K0**<br>**Canada** |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,

(identity and address)
*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- a l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

(identité et adresse) ____Everest Transportation, Inc._____

____12155 Coleraine Dr., Bolton, ON  L7E 3B4, Canada_____

Tel: _____

[X] (a)   in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
a)    *selon les formes légales (article 5, alinéa premier, lettre a).*

[ ] (b)   in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
b)    *selon la forme particulière suivante (article 5, alinéa premier, lettre b);*_____

[ ] (c)   by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
c)    *le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes* -- avec l'attestation figurant au verso.*

List of documents
*Enumération des pièces*

Summary of the Document to be Served
Summons
Complaint for Damages
_____
_____
_____
_____
_____
_____

**Civil Action Group**
7800 Glenroy Road
Minneapolis, MN 55439-3122

Done at _____ , the  November
*Fait à*  Minneapolis, Minnesota, U.S.A. _____ , *le*  29, 2021

Signature and/or stamp.
*Signature et/ou cachet.*

(Formerly OBD-116 which was formerly LAA-116,     USM-94
both of which may still be used)                          (Est. 11/22/77)

* Delete if inappropriate.
. *Rayer les mentions inutiles*

283570 - 1

**WARNING**
AVERTISSEMENT

---

**Identity and address of the addressee**
Identité et adresse du destinataire

**Everest Transportation, Inc.**
**12155 Coleraine Dr., Bolton, ON  L7E 3B4, Canada**

---

**IMPORTANT**

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

**State Bar of Georgia: 104 Marietta Street NW, Suite 100, Atlanta, GA 30303, USA; Tel: (404) 527-8700; Online: www.gabar.org; Lawyer Referral Service Tel: (404) 521-0777**

TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

**State Bar of Georgia: 104 Marietta Street NW, Suite 100, Atlanta, GA 30303, USA; Tel: (404) 527-8700; Online: www.gabar.org; Lawyer Referral Service Tel: (404) 521-0777**

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

## SUMMARY OF THE DOCUMENT TO BE SERVED
### *ELEMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaries et extrajudiciares en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

Name and address of the requesting authority:
*Nom et adresse de l'autorité requérante:* Rachel M Block

APS INTERNATIONAL, LTD

APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota  55439-3122, U.S.A.

Particulars of the parties*:
*Identité des parties* Sasu-Twum  v.  Singh, et al.

LIST OF DOCUMENTS: Summary of the Document to be Served,  Summons, Complaint for Damages

### JUDICIAL DOCUMENT**
*ACTE JUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte:* The purpose of this document is to inform **Everest Transportation, Inc.** that a lawsuit has been started against them and that they have been joined as a defendant.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
*Nature et objet de l'instance, le cas échéant, le montant du litige:* Plaintiff's claim against the defendant is for damages and other relief in an amount to be determined as a result of the defendant's negligence.

Date and place for entering appearance**:
*Date et lieu de la comparution:* Defendant is required to file with the Clerk of the State Court of Muscogee County, Georgia State, U.S.A and serve upon the Plaintiff's Attorney, Shaun R. Cade of Cade Law, P.C. at P.O. Box 724257, Atlanta, Georgia 31139, U.S.A., an answer to the attached documents within 30 days after service of the attached documents, exclusive of the day of service.

Court which has given judgment**:
*Juridiction qui a rendu la décision:* N/A

Date of judgment**:
*Date de la décision:* N/A

Time limits stated in the document**:
*Indication des délias figurant dans l'acte:* Defendant is required to file with the Clerk of Court and serve upon the Plaintiff's Attorney an answer to the attached documents within 30 days after service of the attached documents, exclusive of the day of service. Failure to do so may result in the plaintiff(s) taking a default judgment against the defendant for the relief demanded in the attached documents.

### EXTRAJUDICIAL DOCUMENT**
*ACTE EXTRAJUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte:* N/A

Time limits stated in the document**:
*Indication des délias figurant dans l'acte* N/A

---

\*   If appropriate, identity and address of the person interested in the transmission of the document.
   *S'il y a lieu, identité et adresse de la personne intéressée de la transmission de l'acte.*
\*\*  Delete if inappropriate.
   *Rayer les mentions inutiles.*

3

283570 - 1

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001427**

NOV 19, 2021 11:31 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2021CV001427

Sasu-Twum, Sharone

---
**PLAINTIFF**                                    **VS.**

Singh, Gurpreet
Everest Transportation, Inc.
Northbridge General Insurance Corporation,
DBA c/o Cody B. Gillies

---
**DEFENDANTS**

## SUMMONS

TO: EVEREST TRANSPORTATION, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Shaun R. Cade**
> **Cade Law, P.C.**
> **P.O. Box 724257**
> **Atlanta, Georgia 31139**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of November, 2021.**

Clerk of State Court

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001427**

NOV 19, 2021 11:31 AM

Danielle F. Forté
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SHARONE SASU-TWUM, | ( |
| | ( |
| **Plaintiff** | ( |
| | ( |
| | ( **CIVIL ACTION FILE NO:** |
| **V.** | ( |
| | ( |
| | ( |
| **GURPREET SINGH, EVEREST** | ( |
| **TRANSPORTATION, INC., and** | ( |
| **NORTHBRIDGE GENERAL** | ( |
| **INSURANCE CORPORATION,** | ( |
| | ( |
| **Defendants.** | ( |

## COMPLAINT FOR DAMAGES

Plaintiff files this Complaint for Damages against Defendants Gurpreet Singh, Everest

Transportation, Inc., and Northbridge General Insurance Corporation.

### PARTIES AND JURISDICTION

1.

Defendant Gurpreet Singh is a citizen of Canada.  At all relevant times, he was acting in

the course and scope of his employment for Defendant Everest Transportation, Inc., Defendant

may be served with the Summons and Complaint as allowed by law.

2.

Defendant Everest Transportation, Inc., may be served with the Summons and Complaint

as allowed by law.

3.

Defendant Northbridge General Insurance Corporation is a foreign insurance company.

Defendant Northbridge is subject to suit pursuant to O.C.G.A. §§ 40-2-140 (d)(4) and 40-1-112(c)

because it is the insurance carrier for Defendant for Everest Transportation, Inc. Defendant Northbridge may be served with the Summons and Complaint as allowed by law on its blanket agent Process Agent Service Company, Inc. on Cody B. Gillies at 5704 Veterans' Parkway, Columbus, Georgia 31904.

5.

The exercise of personal jurisdiction over Defendants by the Court is proper under Georgia's Long Arm Statute (O.C.G.A. § 9-10-91) because Defendants committed a tortious act or omission in Georgia. Also, pursuant to Georgia's Direct-Action Statutes, Northbridge is subject to the jurisdiction of this Court as the insurer of the motor contract carrier that was operating the tractor-trailer in Georgia.

6.

Venue is proper in this Court.

## **FACTS**

7.

Plaintiff realleges and reincorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

8.

On January 28, 2020, Plaintiff was driving her vehicle in a safe and careful manner northbound on I-285 at Donald Lee Hollowell Parkway in Atlanta, Georgia.

9.

At the same time and place, Defendant Singh was travelling northbound on I-285 and improperly made a lane change into Plaintiff's lane of travel causing Plaintiff to lose control of her vehicle and spin around in to the path of another vehicle.

10.

At all relevant times, Defendant Sing was acting in the course and scope of his employment with Defendant Everest Transportation, Inc.

11.

As a direct and proximate result of the collision Plaintiff sustained serious injuries and incurred medical expenses in excess of $95,000.00.

## COUNT I – NEGLIGENCE
(against Defendants Singh and Everest Transportation, Inc.)

12.

Plaintiff realleges and reincorporates by reference the foregoing paragraphs as if they were fully restated herein.

13.

At all relevant times, Defendant Singh owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Singh did violate those duties in the following particulars:

   a.   In failing to keep a proper lookout while travelling on the roadway;

   b.   In making an improper lane change in violation of O.C.G.A. §40-6-123(a)

   c.   In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

14.

Defendant Singh's violations of the aforementioned duties of care constitute negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

15.

- 3 -

At the time of the collision Defendant Singh were acting in the course and scope of their employment for Defendant Everest Transportation, Inc. As a result, Defendant Everest Transportation, Inc. is vicariously liable for the negligence of Defendant Singh under the doctrine of *respondeat superior*.

16.

As a direct and proximate result of the Defendant's negligence, Plaintiff was injured and incurred medical expenses.

## COUNT II – LIABILITY PURSUANT TO
## O.C.G.A §§ 40-2-140(d)(4) AND 40-1-112(c)
(against Defendant Northbridge)

17.

Plaintiff realleges and reincorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

18.

At all relevant times, Defendant Northbridge insured the operation of the truck that Defendant Singh was operating at the time of the collision that forms the basis of this lawsuit.

19.

Defendant Everest Transportation, Inc. is a motor carrier as defined under O.C.G.A. §§ 40-2-140 and 40-1-112.

20.

As a result, Defendant Northbridge is directly liable to Plaintiff for all damages sustained by Plaintiff and stated herein, pursuant to O.C.G.A. §§ 40-2-140(d)(4) and 40-1-112(c).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

a.   That process and Summon issue, as provided by law, requiring Defendants to appear
     and answer Plaintiff's Complaint for Damages;

b.   That service be had upon Defendants as provided by law;

c.   That the Court award and enter a judgment in favor of Plaintiff and against
     Defendants for special and general damages in an amount to be proven at trial, and
     for compensatory damages in an amount determined by the enlightened conscience of
     a fair and impartial jury;

d.   That Plaintiff have a trial by jury as to all issues; and

e.   That Plaintiff have such other and further relief as the Court may deem just and
     proper.

This the 19th day of November 2021.

**CADE LAW, P.C.**

By: */s/ Shaun Cade*
Shaun Cade
Georgia Bar No. 101209

P. O. Box 724257
Atlanta, GA 31139
(404) 301-2274 phone/fax
shaun@cade.law

## STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

**⚜ EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

# SC2021CV001427

**NOV 19, 2021 11:31 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER   <u>SC2021CV001427</u>

Sasu-Twum, Sharone

---

**PLAINTIFF**

**VS.**

Singh, Gurpreet
Everest Transportation, Inc.
Northbridge General Insurance Corporation,
DBA c/o Cody B. Gillies

---

**DEFENDANTS**

### SUMMONS

TO: EVEREST TRANSPORTATION, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Shaun R. Cade**
> **Cade Law, P.C.**
> **P.O. Box 724257**
> **Atlanta, Georgia 31139**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of November, 2021.**

Clerk of State Court

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

🏛 **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001427**

NOV 19, 2021 11:31 AM

*Danielle F. Forté*
Danielle F. Forté, Cle
Muscogee County, Georg

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

SHARONE SASU-TWUM,  (
                            (
    **Plaintiff**  (
                            (
                            (       **CIVIL ACTION FILE NO:**
**V.**  (
                            (
                            (
**GURPREET SINGH, EVEREST**  (
**TRANSPORTATION, INC., and**  (
**NORTHBRIDGE GENERAL**  (
**INSURANCE CORPORATION,**  (
                            (
    **Defendants.**  (

### COMPLAINT FOR DAMAGES

Plaintiff files this Complaint for Damages against Defendants Gurpreet Singh, Everest Transportation, Inc., and Northbridge General Insurance Corporation.

### PARTIES AND JURISDICTION

1.

Defendant Gurpreet Singh is a citizen of Canada.  At all relevant times, he was acting in the course and scope of his employment for Defendant Everest Transportation, Inc., Defendant may be served with the Summons and Complaint as allowed by law.

2.

Defendant Everest Transportation, Inc., may be served with the Summons and Complaint as allowed by law.

3.

Defendant Northbridge General Insurance Corporation is a foreign insurance company. Defendant Northbridge is subject to suit pursuant to O.C.G.A. §§ 40-2-140 (d)(4) and 40-1-112(c)

because it is the insurance carrier for Defendant for Everest Transportation, Inc. Defendant Northbridge may be served with the Summons and Complaint as allowed by law on its blanket agent Process Agent Service Company, Inc. on Cody B. Gillies at 5704 Veterans' Parkway, Columbus, Georgia 31904.

5.

The exercise of personal jurisdiction over Defendants by the Court is proper under Georgia's Long Arm Statute (O.C.G.A. § 9-10-91) because Defendants committed a tortious act or omission in Georgia. Also, pursuant to Georgia's Direct-Action Statutes, Northbridge is subject to the jurisdiction of this Court as the insurer of the motor contract carrier that was operating the tractor-trailer in Georgia.

6.

Venue is proper in this Court.

## **FACTS**

7.

Plaintiff realleges and reincorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

8.

On January 28, 2020, Plaintiff was driving her vehicle in a safe and careful manner northbound on I-285 at Donald Lee Hollowell Parkway in Atlanta, Georgia.

9.

At the same time and place, Defendant Singh was travelling northbound on I-285 and improperly made a lane change into Plaintiff's lane of travel causing Plaintiff to lose control of her vehicle and spin around in to the path of another vehicle.

10.

At all relevant times, Defendant Sing was acting in the course and scope of his employment with Defendant Everest Transportation, Inc.

11.

As a direct and proximate result of the collision Plaintiff sustained serious injuries and incurred medical expenses in excess of $95,000.00.

## COUNT I – NEGLIGENCE
(against Defendants Singh and Everest Transportation, Inc.)

12.

Plaintiff realleges and reincorporates by reference the foregoing paragraphs as if they were fully restated herein.

13.

At all relevant times, Defendant Singh owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Singh did violate those duties in the following particulars:

   a. In failing to keep a proper lookout while travelling on the roadway;

   b. In making an improper lane change in violation of O.C.G.A. §40-6-123(a)

   c. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

14.

Defendant Singh's violations of the aforementioned duties of care constitute negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

15.

At the time of the collision Defendant Singh were acting in the course and scope of their employment for Defendant Everest Transportation, Inc. As a result, Defendant Everest Transportation, Inc. is vicariously liable for the negligence of Defendant Singh under the doctrine of *respondeat superior*.

16.

As a direct and proximate result of the Defendant's negligence, Plaintiff was injured and incurred medical expenses.

## COUNT II – LIABILITY PURSUANT TO
## O.C.G.A §§ 40-2-140(d)(4) AND 40-1-112(c)
(against Defendant Northbridge)

17.

Plaintiff realleges and reincorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

18.

At all relevant times, Defendant Northbridge insured the operation of the truck that Defendant Singh was operating at the time of the collision that forms the basis of this lawsuit.

19.

Defendant Everest Transportation, Inc. is a motor carrier as defined under O.C.G.A. §§ 40-2-140 and 40-1-112.

20.

As a result, Defendant Northbridge is directly liable to Plaintiff for all damages sustained by Plaintiff and stated herein, pursuant to O.C.G.A. §§ 40-2-140(d)(4) and 40-1-112(c).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

a.  That process and Summon issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint for Damages;

b.  That service be had upon Defendants as provided by law;

c.  That the Court award and enter a judgment in favor of Plaintiff and against Defendants for special and general damages in an amount to be proven at trial, and for compensatory damages in an amount determined by the enlightened conscience of a fair and impartial jury;

d.  That Plaintiff have a trial by jury as to all issues; and

e.  That Plaintiff have such other and further relief as the Court may deem just and proper.

This the 19th day of November 2021.

CADE LAW, P.C.

By: */s/ Shaun Cade*_____
Shaun Cade
Georgia Bar No. 101209

P. O. Box 724257
Atlanta, GA 31139
(404) 301-2274 phone/fax
shaun@cade.law

**General Civil and Domestic Relations Case Filing Information Form**

⬛ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

□ Superior or ☑ State Court of  Muscogee _____  County    **SC2021CV001427**

| For Clerk Use Only | NOV 19, 2021 11:31 AM |
|---|---|
| Date Filed 11-19-2021  _____<br>**MM-DD-YYYY** | Case Number SC2021CV001427 _____<br>*Danielle F. Forté*<br>Danielle F. Forté, Cle<br>Muscogee County, Georg |

**Plaintiff(s)**

Sasu-Twum, Sharone

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Singh, Gurpreet

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Everest Transportation, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Northbridge General Insurance Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Cade, Mr. Shaun R.  _____   **Bar Number** 101209 _____   **Self-Represented** □

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- □ Civil Appeal
- □ Contract
- □ Contempt/Modification/Other Post-Judgment
- □ Garnishment
- □ General Tort
- □ Habeas Corpus
- □ Injunction/Mandamus/Other Writ
- □ Landlord/Tenant
- □ Medical Malpractice Tort
- □ Product Liability Tort
- □ Real Property
- □ Restraining Petition
- □ Other General Civil

**Domestic Relations Cases**

- □ Adoption
- □ Contempt
  - □ Non-payment of child support, medical support, or alimony
- □ Dissolution/Divorce/Separate Maintenance/Alimony
- □ Family Violence Petition
- □ Modification
  - □ Custody/Parenting Time/Visitation
- □ Paternity/Legitimation
- □ Support – IV-D
- □ Support – Private (non-IV-D)
- □ Other Domestic Relations

□   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____            _____
**Case Number**                              **Case Number**

☑   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

□   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

□   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

🏛 **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001427**

NOV 19, 2021 11:31 AM

*Danielle F. Forté*
Danielle F. Forté, Cle
Muscogee County, Georg

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **SHARONE SASU-TWUM,** ( | |
| ( | |
| **Plaintiff** ( | |
| ( | |
| ( | **CIVIL ACTION FILE NO:** |
| **V.** ( | |
| ( | |
| ( | |
| **GURPREET SINGH, EVEREST** ( | |
| **TRANSPORTATION, INC., and** ( | |
| **NORTHBRIDGE GENERAL** ( | |
| **INSURANCE CORPORATION,** ( | |
| ( | |
| **Defendants.** ( | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EVEREST TRANSPORTATION, INC.

COMES NOW Plaintiff and hereby requests that Defendant Everest Transportation, Inc. produce the following documents pursuant to Georgia Law within forty-five (45) days from the date of service hereof at the law office of Cade Law, P.C., 400 Galleria Parkway, Ste. 1500, Atlanta, Georgia 30339, or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

Defendant is reminded of the duty to supplement the responses to this Request for Production of Documents as required by O.C.G.A. §9-11-26.

The definitions included in the Interrogatories served on this Defendant are incorporated by reference and apply to the requested documents.

IDENTIFICATION OF PRIVILEGED DOCUMENTS

If the production of any document is withheld pursuant to a claim of a privilege, Defendant is required to provide, in lieu of production, the following identifying information on each such document; (a) title; (b) date; (c) author; (d) addressee; (e) all copy addresses; (f) a brief description of the document with sufficient specificity to reveal its subject matter; (g) the form of the document and any attachments; (h) the present location of the document; (i) the identity of the person or persons who have custody, control, or possession of the document; and (j) a statement of the basis on which the privilege is claimed.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.

Produce all documents that record, reflect, or otherwise evidence Defendant Singh's employment with you, including, but not limited to, his personnel file, driver's qualification file, payroll records, and records of work attendance and absenteeism.

2.

Produce all documents that record, reflect, or otherwise evidence all policies, procedures, training, guidelines, warnings and instruction provided to Defendant Singh at any time.

3.

Any and all documents, photographs, drawings, videotapes, audio recordings, or any other tangible items that you relied on, referred to, or identified in responding to Plaintiff's Interrogatories.

4.

Produce all documents that record, reflect, or otherwise evidence where Defendant Singh was coming from at the time of the occurrence and where he was going at the time of the occurrence.

5.

Please produce all other collision files and records maintained by the Defendants in reference to any other vehicular collision prior to this occurrence, where Defendant Singh or his co-driver(s), or driver trainer, was the driver of a truck involved in the prior collision.

6.

Please produce all of Defendant Singh's records of duty status or driver's daily logs and 60/70 hour summaries created by Defendant Singh or Defendants for the period from October 28, 2020, through March 28, 2020, in accordance with FMCSR Part 395.

7.

Please produce any and all documents, in reference to any federal or state agencies motor carrier terminal compliance inspection(s), survey(s), or audit(s), demand(s), civil forfeiture(s), or federal court action(s) presently in possession of the Defendants in reference to past or present violations of the FMCSR/HMR and specifically, any documents in reference to violations of the Federal or State Motor Carrier Safety Regulations committed by your employees or its drivers regardless of documents or written materials description or date of origin from the date on which you began doing business as a motor carrier to any presently pending action(s) as described.

This the 19th day of November 2021.

**CADE LAW, P.C.**

By: */s/ Shaun Cade*
Shaun Cade
Georgia Bar No. 101209

P. O. Box 724257
Atlanta, GA 31139
(404) 301-2274 phone/fax
shaun@cade.law

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2021CV001427**

NOV 19, 2021 11:31 AM

*Danielle F. Forté*
Danielle F. Forté, Cle
Muscogee County, Georg

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

**SHARONE SASU-TWUM,**          (
                               (
    **Plaintiff**          (
                               (
                               (     **CIVIL ACTION FILE NO:**
**V.**                         (
                               (
                               (
**GURPREET SINGH, EVEREST**     (
**TRANSPORTATION, INC., and**   (
**NORTHBRIDGE GENERAL**         (
**INSURANCE CORPORATION,**      (
                               (
    **Defendants.**          (

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT EVEREST TRANSPORTATION, INC.

COMES NOW Plaintiff and hereby requests that Defendant Everest Transportation, Inc. answer separately, in writing and under oath, the following Interrogatories within forty-five (45) days after the date of service hereof and in conformity with Georgia Law. To the extent any information called for is objected to upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege. These Interrogatories are continuing in nature.

If an Interrogatory seeks information contained in a document, Defendant may attach a copy of the document in lieu of answering that Interrogatory. If Defendant chooses to answer by reference to a document, its answer must identify the document upon which Defendant relies.

These Interrogatories are continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available.

The terms "Defendant" and "you" and any synonym or plural thereof and derivatives therefrom means the Defendant, and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers, and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf.

The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

The words "identify" or "identity" used in conjunction with "documents" means to state the date of the document, its author and sender (if appropriate), its intended recipient (if

appropriate), and a general statement of the form and content of each such document reflecting the contents of the document and the identity of its custodian.

The words "identify", or "identity" when used in conjunction with a request for the identity of a "person" means to state the person's complete name, home address, home phone, business address, business phone, and job description if you can describe it.

The term "occurrence" refers to the motor vehicle wreck that took place on or about January 28, 2020, which serves as the basis for Plaintiff's Complaint.

The term "subject truck" refers to the tractor-trailer that Defendant Singh operated at the time of the occurrence.

Defendant is reminded of the duty to supplement Defendant's answers to these Interrogatories as required by Georgia Law.

## **INTERROGATORIES**

### 1.

State whether any test, re-creation, experiment, inspection, chart, photograph, video recording, audio recording, or measurement has been made with respect to the occurrence, the scene of the occurrence, or any object involved in the occurrence. If so, state the name, current address, and telephone number of each person who participated, and the date and nature of their participation and identify all documents and tangible items that record, reflect, or otherwise evidence it.

### 2.

State the name, current address, and telephone number of all persons (excluding your attorney(s) and any expert) who to your knowledge, information, or belief possess any knowledge

concerning either the occurrence or the cause(s) of the occurrence, one or more of Plaintiff's claims, Plaintiff's damages or one or more of your defenses to Plaintiff's Complaint. For each such person, specify the subject matter(s) about which you know or believe that person to have knowledge and the basis of that person's knowledge.

3.

To your knowledge, information or belief, has any statement or report been made or given by any person regarding the occurrence? If so, describe each such statement or report, giving the date, the subject matter, the form (whether written, recorded, or in stenographic form), the name and current address of each person present when given or made, and the name and current address of the person having custody and control thereof.

4.

State the name, current address, telephone number, and occupation of each person who to your knowledge, information, or belief has investigated the occurrence, the cause(s) of the occurrence, or any of the vehicles involved in the occurrence.

5.

Did Defendant Singh have one or more communication or GPS devices in his truck on the date of the occurrence? If so, state the name of the communication or GPS device, the service provider(s), the account number(s) with the service provider(s), the name of the person under whose name the account was listed with the service provider(s), whether any data was downloaded or obtained regarding any of the devices, and identify all documents that record, reflect, or otherwise evidence the data.

7.

From 2016 to the present, identify every traffic accident involving an employee driving in the course and scope of employment for you. For each such accident, state the names of the parties involved, the location of the accident, the cause of the accident, the identity of any police agencies that investigated each accident, whether anybody was injured in the accident, and the result of any claims or lawsuits that were brought as a result of the incident.

8.

Identify any communications in whatever format (oral, written, electronic, etc.) with any person or entity (including internal communications) regarding the occurrence, the cause of the occurrence, Plaintiff's injuries and damages, and Plaintiff's claims.

9.

Identify all documents, including, but not limited to, memos, incident reports, letters, e-mails, or other written documents that any of your agents or employees created regarding the occurrence.

10.

Please state the name, address, and telephone number of any and all employees or third-parties that were responsible for inspecting, maintaining, servicing, inspecting, and repairing the subject truck from 2016 to the present.

11.

Identify all documents that record, reflect, or otherwise evidence the maintenance, inspection, service, and repair of the subject truck from 2016 to the present.

12.

Please state whether your company requires its drivers, including Defendant Singh, to maintain a driver's daily log, and if so, please state the name and address of all persons, organization, or agencies that have custody of, possession of, or control over the original daily logs or copies thereof, including any such daily logs maintained by Defendant Singh.

13.

Please state whether your company, on its own or through its insurer, obtains information through any private source or governmental agency concerning the driving history and driving infractions of its drivers. If so, please state the name and address of each such private source or governmental agency from which such information is obtained; and the dates upon which your company, on its own or through its insurer, obtained such information concerning Defendant Singh and his driving history; and the dates upon which your company, on its own or through its insurer, obtained such information concerning any and all other drivers in its employment within the twenty-four (24) months prior to the occurrence.

14.

Please state whether you required Defendant Singh to submit to a post collision drug and alcohol test and if so, please identify the name, location, time, and date of the drug and alcohol test, state the results of the test, an identify all documents that record, reflect, or otherwise evidence the test and its results.

15.

Please state whether your company has a safety director or similar person whose role it is to ensure compliance with safety standards, rules, and regulations, including, but not limited to,

the Federal Motor Carrier Safety Regulations. If so, please state his or her full name and full title and how long he or she has been in that position. If that person was not in that position on the date of the occurrence, identify who was.

16.

Has your company ever undergone a Federal Highway Administration (FHWA) compliance review? If so, please state the rating you received after the review? (Either satisfactory, conditional, or unsatisfactory).

17.

Identify all of your policies, procedures, training, guidelines, instructions, and rules regarding driver operations, work activities, driving, timely pickup and delivery of cargo, safety or compliance with local, state, or federal rules and regulations that existed at the time of the occurrence.

18.

Describe all training, guidelines, rules, and instruction that your agents or employees are required to undergo before driving for you, including any that Defendant Singh was required to undergo before and during his employment with you, and identify any and all documents that record, reflect, or otherwise evidence the training, guidelines, rules, and instruction.

19.

Identify by name and title each and every person who has answered or helped answer these Interrogatories.

20.

State the name and address of the owner of the subject truck and attached trailer that was

involved in the occurrence.

21.

Identify all documents that record, reflect, or otherwise evidence the load the subject truck transported the day of the occurrence, and describe the load when the subject truck left that day, its number of stops, where it stopped, and the load at the time of the crash.

22.

Was the subject truck equipped with an event data recorder, electronic control module, or similar device? If so, identify the type of recording device, whether it was downloaded after the occurrence, who downloaded it, and identify all documents that record, reflect, or otherwise evidence the data downloaded from it.

23.

Identify all documents that record, reflect, or otherwise evidence the movement of the subject truck from October 28, 2020 through April 28, 2020, including, but not limited to, tractor trip computer generated documents, tachograph charts, computer generated printouts, bills of lading, fuel receipts, trip reports, lodging receipts, food receipts, cargo pickup or delivery orders, cargo freight bills, dispatch records, summary trip reports, and driver call-in records.

24.

Identify any and all of your executive or administrative or managerial notices, directives, bulletins, or otherwise described written instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by company personnel, managers, supervisors, dispatchers, and drivers.  Specifically, any document relative to disciplinary policies or procedures for late freight delivery, motor fleet safety, or failure to comply with the FMCSR in effect for you

on the date of the occurrence.

This the 19th day of November 2021.

CADE LAW, P.C.

By: */s/ Shaun Cade*_____
Shaun Cade
Georgia Bar No. 101209

P. O. Box 724257
Atlanta, GA 31139
(404) 301-2274 phone/fax
shaun@cade.law